UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON KIDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO:   1:20-cv-02692 |
| ) | |
| MARATHON MANAGEMENT ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Jon Kidd, hereinafter "Mr. Kidd", by counsel, pursuant to Fed. R. Civ. P. 3, and files his Complaint against Defendant, Marathon Management Services, LLC, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Age Discrimination in Employment Act of 1967 ("ADEA")  29 U.S.C. § 626(e).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Kidd, is a fifty-two (52) year old male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a foreign limited liability company doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about February 27, 2020, Mr. Kidd filed timely charges of Disability Discrimination in violation of the ADA and Age Discrimination in violation of the ADEA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-01913.

8. On or about August 12, 2020, Mr. Kidd received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-01913, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Kidd, a man over the age of forty (40) on or about May 1, 2018.

11. Throughout his employment with Defendant, Mr. Kidd met or exceeded Defendant's legitimate expectations of performance.

12. Throughout his employment with Defendant, Mr. Kidd performed inventory with his boss, Zach Marvel, Managing Partner.

13. In 2019, Defendant began telling Mr. Kidd that hundreds of items were missing from inventory counts.

14. Despite the issues with inventory, Mr. Kidd passed two random audits, but later learned that Mr. Marvel had not properly reconciled the reports, which resulted in errors.

15. Mr. Kidd repeatedly asked Mr. Marvel to see the reports so that he could look at the inventory issues himself, but he never was allowed to review them.

16. Additionally, Defendant obtained a coerced statement from co-worker, Brennon Mahto, accusing Mr. Kidd of obtaining broken parts from the trash.

17. Mr. Mahto apologized to Mr. Kidd for making the statement and explained that he was told by Defendant that he had to sign the official statement regarding the allegations or he would face consequences.

18. Around this same time, Mr. Kidd was told that sales were down and Defendant was looking for ways to cut expenses.

19. Mr. Marvel informed Mr. Kidd that the company needed to make salary cuts and would do so by bringing in "young blood" and that Mr. Kidd would be training his replacement.

20. A week later, Mr. Kidd had to train Keegan Corwin, a male under the age of forty (40) years old.

21. Mr. Kidd was terminated on or about January 10, 2020.

22. Following Mr. Kidd's termination, Mr. Corwin took over most of Mr. Kidd's pervious job duties.

23. Defendant discriminated against Mr. Kidd due to his disability and any necessary accommodations he may have needed, as required by the ADA.

24. The Defendant terminated Mr. Kidd due to his age.

## COUNT I

## DISCRIMINATION ON THE BASIS OF AGE

25. Mr. Kidd hereby incorporates by reference paragraphs 1 through 24 as though previously set out herein.

26. At all times relevant to this action, Mr. Kidd was over forty (40) years old as that term is defined by statute.

27. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Kidd's age.

28. The Defendant intentionally and willfully discriminated against Mr. Kidd because he is over forty (40) years old.

29. Similarly situated younger employees were treated more favorably in the terms of privileges, and conditions of their employment.

30. The Defendant's actions were intentional, willful and in reckless disregard of Mr. Kidd's rights as protected by the ADEA.

31. Mr. Kidd has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Kidd, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Kidd his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

g. Pay to Mr. Kidd all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre and post judgment interest;

i. Provide to Mr. Kidd all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Kidd, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
Tiffany@getstewart.com
Attorneys for Plaintiff,
Jon Kidd